[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this third amended petition dated July 25, 2000 for a writ of habeas corpus alleging that his criminal trial attorney, Larry Bates, was ineffective in assisting him in that he (1) failed to provide an opportunity to obtain substitute counsel; (2) failed to advise of the exposure of greater sentencing by the filing of a Part B information; (3) failed to adequately investigate and interview the chief witness against him; (4) failed to object to Dr. Koplin testifying that he was competent to testify as to the age of a burn mark on petitioner's hand; (5) failed to request a curative instruction concerning the State's comments as to petitioner's poverty; (6) failed to properly challenge the suggestive nature of the identification procedure; (7) failed to challenge the introduction of other crimes evidence; (8) failed to challenge the petitioner's prior criminal record; (9) failed to adequately challenge the elements of the crime charged when no gun was threatened or displayed; (10) failed to preserve any of the above for appeal; and (11) failed to assist and consult the petitioner so as to diligently defend him, and that his criminal appellate counsel, Neil Cone, was ineffective in assisting him in that he (1) failed to appeal to the Supreme Court from the Appellate Court's opinion; (2) failed to challenge the court's charge on motive and intent; and (3) failed to adequately challenge the State's improper argument on motive.
The petitioner was arrested for a robbery which occurred on January 16, 1993 at 2:30 a.m. at Mile High Sunoco in Vernon when the attendant employee gave police a description of the robber and identified the defendant from a photo array shown to her the next day at the police department as the person who committed the crime. He was subsequently convicted by a jury of robbery in the first degree and larceny in the sixth degree. The larceny charge was later merged with the robbery charge and the sentence for larceny vacated by the Appellate Court to avoid a double jeopardy violation. CT Page 5128
The petitioner produced Cone's petition for certification on the three questions challenging (1) the evidence introduced alluding to the petitioner's prior criminal record, (2) the State's reference to the petitioner's poverty as a motive for robbery, and (3) the court's instructions alleged to dilute the jury's application of any reasonable theory consistent with the petitioner's innocence. Plaintiff's Exhibit2. Certification was denied. State v. Hansen, 235 Conn. 928.
Bates attempted to secure representation for petitioner from the UCONN law clinic which refused, put the plea bargain in writing and had the petitioner sign on the letter which described the use of the Part B information, (Respondent's Exhibit B), made discovery motions, (Respondent's Exhibits E and F), received disclosed information from "open" file, (Respondent's Exhibit C), and disclosed to the petitioner that the identifying victim not only gave a fairly accurate description but was able to select his photo from the array and corroborate it with the burn mark on the back of his left hand which hand had been photographed by police, (Respondent's Exhibit D), but refused to speak to his investigator.
The petitioner was convicted of C.G.S. § 53a-134 (a)(4) because he told the victim after pulling out what looked like a knife, "and I have a gun too." The circumstances under which the incident was related fulfills "threatens the use of which he represents by his words. . . . to be" a gun, as indicated in the appellate decision.
A successful petitioner must show that there is reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Copas v. Commissioner, 234 Conn. 139
(1995); Strickland v. Washington, 445 U.S. 668, 694. The petitioner has failed to prove how the result would be different. His brother and sister-in-law's denial that a burn mark was observed on the petitioner's left hand the morning after the robbery discredits their alibi testimony when the victim was able to describe at the time of the robbery such burn mark which was subsequently photographed by the police.
As produced above the petitioner also has failed to carry his burden to prove how his trial or appellate counsel's representation fell below an objective standard of reasonableness. Aillon v. Meachum, 211 Conn. 352,359.
For the above reasons the petition is denied.
Thomas H. Corrigan Judge Trial Referee CT Page 5129